<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | **On Appeal From:** |
| | Case No.: 19-21722 (KCF) |
| THOMAS A. MASLOWSKI, | Chapter 7 |
| | Hon. Kathryn C. Ferguson, U.S.B.J. |
| Debtor. | |
| | |
| SANTANDER BANK, N.A., | |
| | Civil Action No. 19-17569 (BRM) |
| Appellant, | Hon. Brian R. Martinotti, U.S.D.J. |
| v. | |
| THOMAS A. MASLOWSKI, | |
| Appellee. | **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Santander Bank, N.A.'s ("Santander") appeal from the final order of the Bankruptcy Court granting Thomas A. Maslowski's ("Maslowski") motion to avoid Stander's lien ("Motion") on his property at 1534 Princeton Ave., Trenton, New Jersey ("Trenton Property"). Maslowski did not oppose the appeal. Having reviewed the Santander's submissions filed in connection with the appeal, for the reasons set forth below and for good cause shown, the Bankruptcy Court's August 2019 Order is **VACATED** and the matter is **REMANDED**.

**I.      BACKGROUND**

    **A.      Factual Background**

Santander obtained a judgment against Maslowski in a Pennsylvania court. On March 31, 2017, Santander docketed that judgment in New Jersey as a lien in the amount of $51,498.68 against all real property owned by Maslowski in New Jersey. (*See* Br. in Supp. of App. (ECF No.

4) at 6; Appendix of Appellant (ECF No. 4-1) at A006–A007.) Another judgment, held by Midland Funding, LLC, was docketed against Maslowski on September 13, 2018, in the amount of $3,900.58. (*Id.* at 6; *see also* ECF No. 4-1 at A008.)

Maslowski filed a Chapter 7 bankruptcy petition on June 11, 2019. (*Id.* at 4.) At the time the petition was filed, Maslowski owned two properties in New Jersey, although only the Trenton Property is at issue in this appeal. (*Id.* at 4.) In addition to the judicial liens mentioned above, the Trenton Property is encumbered by a mortgage of $46,243.29. At the Motion hearing, the Court accepted Santander's $85,000 appraisal value for the Trenton Property. (*Id.* at 6; *see also* Hr. Transc. (ECF No. 4-1) at A060.) In his bankruptcy petition, Maslowski claimed an exemption of $13,899.00 on the Trenton Property. (ECF No. 4-1 at A005).

## B. Procedural History

On June 25, 2019, Maslowski moved to avoid the Santander lien as to the Trenton Property pursuant to 11 U.S.C. § 522(f). (ECF No. 4 at 6; *see also* Br. in Supp. of Mot. (ECF No. 4-1) at A001–A011.) Santander opposed the Motion. (*Id.* at 6; *see also* Br. in Opp. to Mot. (ECF No. 4-1) at A012–A026.) Maslowski filed a Reply. (*Id.* at 6; *see also* Reply (ECF No. 4-1) at A027–A036.) Santander filed a Supplement to its Opposition and then amended that Supplement. (*Id.* at 6; *see also* Supplemental Br. (ECF No. 4-1) at A037–A057.) The Supplement included an appraisal valuing the Trenton Property at $85,000. (*Id.* at 6; *see also* ECF No. 4-1 at A040–A054.)

At an August 20, 2019 hearing, the Bankruptcy Court ruled in favor of Maslowski. (*See* Order (ECF No. 4-1) at A060.) Santander timely filed this appeal pursuant to Fed. R. Bankr. P. 8002(a)(1).

## II.     STANDARD OF REVIEW

When reviewing a final order of a Bankruptcy Court, a District Court reviews findings of fact under a clearly erroneous standard, and conclusions of law *de novo*. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3rd Cir. 1997). Whether a lien may be avoided is a question of law reviewed *de novo*. *See In re Miller*, 299 F.3d 183, 185 (3d Cir. 2002). Despite being unopposed, the Court reviews the merits of this appeal. *See Matarese v. Robinson*, No. 17-0406 2018 WL 1406630, at *2 (N.D.N.Y. Mar. 20, 2018) ("Where an appellee has failed to file a responsive brief in a bankruptcy appeal, the appropriate remedy is not the automatic granting of the appellant's appeal, but a review of the merits of the appeal, and the preclusion of the appellee from being heard at oral argument.").

## III.    DECISION

The Bankruptcy Court determined the sum of the encumbrances on the Trenton Property, meaning the $46,243.29 mortgage, the $51,498.68 Santander lien, the $3,900.58 Midland lien, and Maslowski's $13,899 claimed exemption, totaled roughly $115,540.00.[1] (ECF No. 4-1 at A060.) The Court concluded because that sum exceeded the valued of the Maslowski's interest in the property, even using the $85,000 value for the house alleged by Santander,[2] that the Santander lien impaired Maslowski's exemption in the property and the lien could be avoided. (*Id.*) The

---

[1] At the Motion hearing the Bankruptcy Court referred to the total encumbrances using this rounded figure (ECF No. 4-1 at A060); the precise figure for this calculation is $115,541.55.

[2] In his Brief in Support of the Motion, Maslowski alleged an appraised value of $60,000 for the Trenton Property. (ECF No. 4-1 at A005.) Santander responded that Maslowski had not supported that valuation with any evidence, but that the equalized tax-assessed value of the property was $80,248.87. (ECF No. 4-1 at A015.) In his Reply, Maslowski alleged a fair market value of $50,000 on the property using a comparative market analysis. (ECF No. 401-A027.) Santander countered with its own comparative market analysis putting the fair market value of the property at $85,000. (*See* ECF No. 4-1 at A040.)

Bankruptcy Court further concluded this result did not change whether or not the Midland lien was included in the total encumbrances on the Trenton Property. (*Id.* at A060-61.) The Bankruptcy Court therefore granted the Motion and avoided both liens. (ECF No. 4-1 at A062-62.)

Santander proffers three issues in this Appeal: Whether the Bankruptcy Court erred in finding the sum total of all liens on the property to be $115,540; whether the Bankruptcy Court erred in determining the judgment lien of Midland Funding, LLC should be included in the calculation of all liens; and whether the Bankruptcy Court erred in allowing Appellee to avoid Santander's judgment lien in its entirety.

Santander argues now, as it did before the Bankruptcy Court, that the Santander lien could not be avoided in its entirety but only to the extent of what it refers to as Maslowski's nonexempt equity in the Trenton Property of $24,857.71, meaning that $26,640.97 of the lien should remain as an encumbrance on the Trenton Property. (*See* ECF No. 4 at 8, 11.) Santander cites *In re Miller* for the proposition that the crucial question is not whether all liens plus the debtor's exemption exceed the value of the debtor's property, but rather the extent to which a lien exceeds the debtor's interest in a property after reflecting the debtor's exemption. (*Id.* at 11 (citing *In re Miller*, 299 F. 3d 183, 185-86 (3d Cir. 2002).) Santander urges the following calculation: subtracting the balance due on the first mortgage, or $46,243.29, from the $85,000 value of the property, which yields a figure of $38,756.71 of the debtor's equity in the Trenton Property. (*Id.* at 11.) Santander maintains that subtracting Maslowski's exemption of $13,899.00 from that debtor's equity leaves $24,857.71 of nonexempt equity to which Santander's Judgment Lien may attach. (*Id.*) Santander contends the formula derived from the statute yields the same result: the combined value of all liens (except the Midland lien) and the debtor's exemption totals $111,640.97, less the $85,000 value of the

Trenton Property leaves $26,640.97, which Santander argues is the extent by which its Judgment Lien impairs the Maslowski's exemption. (*Id.*)

The U.S. Bankruptcy Code provides that certain liens can be avoided by a debtor to the extent a lien "exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A). As provided by the statute,

> [A] lien shall be considered to impair an exemption to the extent that the sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(*Id.*)

In *Miller*, the debtor claimed a lien could be avoided because the value of the lien plus the entire mortgage balance plus the debtor's exemption exceeded the value of the property. Using the actual figures, the debtor argued the judgment lien of $57,768.31 plus the entire mortgage balance of $74,703.92 plus the debtor's exemption of $8,075.00 totaled $140,547.23, well more than the $50,000 value of the property claimed by the debtor and therefore the entire $57,768.31 lien could be avoided pursuant to § 522(f). *Miller*, 299 F.3d at 185.

However, *Miller* is not directly on point. There, the Third Circuit observed that the debtor's calculation attributed to the debtor the entire value of the property minus the mortgage lien rather than the more appropriate 50%, given the debtor owned the property as a joint tenant with another individual. *Id.* at 185-186. The Third Circuit stated that subtracting the entire mortgage balance from the entire $100,000 value of the property yielded equity of $25,296.08, of which the debtor's 50% interest totaled $12,648.04. *Id.* The Third Circuit subtracted the debtor's exemption of $8,075 from that 50% equity interest to conclude that there was $4,573.04 of debtor's equity remaining for the judgment lien to attach. *Id.* at 186. The Third Circuit explained that the same result was

reached if the mortgage balance and value of the property each were reduced by the debtor's 50% interest in both. *Id.* In that case, the Third Circuit calculated that the total of the liens ($57,768.31 plus 50% of the mortgage balance, or $37,351.96, plus the debtor's exemption of $8,075) would be $103,195.27, exceeding the value of the debtor's $50,000 interest in the property by $53,195.27. *Id.* That $53,195.27 is the amount by which the creditor's $57,768.31 lien would be impaired, leaving $4,573.04 of lien remaining. *Id.*

Applying *Miller* and the § 522(f)(2)(A) formula recognized therein to this case yields the following result:

| | |
|---|---|
| $51,498.68 | Santander lien |
| $3,900.58 | Midland lien |
| $46,243.29 | Mortgage (see Exhibit B) |
| +$13,899.00 | Claimed Exemption |
| $115,541.55 | Total Encumbrances |
| - $85,000.00 | Appellee's Interest in Property (value of the property) |
| $30,541.55 | Extent of Impairment |

Santander argues that the Midland lien should not be included in this calculation because it is junior to the Santander lien. (ECF No. 4 at 11.) Santander also contends the Midland lien should not be included because it was avoided by the Motion under § 522(f)(2)(B). (*Id.*)

The Court disagrees. The priority of "other liens" is irrelevant to the calculation under the § 522(f)(2)(A) formula. *In re Coley*, 437 B.R. 779, 785 (E.D. Pa. 2010). Additionally, there is nothing in the record to suggest the Midland lien was voided under § 522(f)(2)(B). The Bankruptcy Court did not err in including the Midland lien in the calculation or as to the result of the calculation. It follows then, that the Bankruptcy Court also did not err in determining that the value of all liens plus the debtor's exemption totaled $115,540.00.

However, the Court agrees that the Bankruptcy Court erred in ordering that the entire Santander lien could be avoided. The Third Circuit has held that the plain language of § 522(f)

permits only that part of a lien that interferes with the debtor's exemption to be avoided. *In re Menell*, 37 F.3d 113,115 (3d Cir. 1994). Therefore, the question before the Court is to what extent does the Santander lien impair the debtor's exemption. It is clear the calculation of all liens required by § 522(f)(2)(A)(i) and (ii) yields a total of $115,541.55. That figure exceeds the $85,000.00 value of the Trenton Property alleged by Santander pursuant to § 522(f)(2)(A)(iii) by $30,541.55. *See Miller*, 299 F.3d at 186; *see also Coley*, 437 B.R. at 782–86. This $30,541.55 represents the impairment of Maslowski's nonexempt equity represented by Santander's $51,498.68 lien. Consequently, $20,957.13 of nonexempt equity remains for the Santander lien to attach.

This same figure can be reached by subtracting $50,143.87 (the value of the "other liens" referred to in § 522(f)(2)(A)(ii)) from $85,000 (the value of the property) to get $34,856.13, representing Maslowski's equity in the property. Subtracting his exemption of $13,899 from that equity leaves $20,957.13 in nonexempt equity. *See Miller*, 299 F.3d 183 (2002).

However, the result changes if the fair market value of the Trenton Property is the $50,000 or $60,000 alternatively advocated by Maslowski before the Bankruptcy Court. Under even the higher of those two values, the Santander lien would be avoided in its entirety. Under the first calculation, the $115,541.55 of all liens and exemptions would exceed the $60,000.00 value of the property by $55,541.55, more than Santander's $51,498.68 judgment lien. Using the lower property valuation would increase the amount by which the liens and exemptions exceed the value of the property, leaving unchanged the conclusion that the Santander lien can be avoided.

It is clear from reviewing the Hearing Transcript on the Motion to Avoid that the Bankruptcy Court did not rule on the proper valuation of the Trenton Property. (*See* ECF No. 4-1 at A060.) Instead, the Bankruptcy Court only determined that even using the highest valuation of

the Trenton Property the Santander lien could be avoided. (*Id.*) Accordingly, the Court will vacate the August 2019 Order and remand the matter to the Bankruptcy Court.

**IV.    CONCLUSION**

For the reasons stated above, the Bankruptcy Court's August 2019 Order is **VACATED** and the matter is **REMANDED** to the Bankruptcy Court for a determination of the fair market value of the Trenton Property and resulting recalculation of the exemption calculus consistent with this Opinion.

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  September 29, 2020